**HAMMOND FORD, INC., Plaintiff,**
v.
**FORD MOTOR COMPANY, Defendant.**

**FORD MOTOR COMPANY, Plaintiff,**
v.
**Alexander HAMMOND and Ludwig J. Pariser, Defendants.**

United States District Court
S. D. New York.
Feb. 18, 1966.

Taylor, Scoll, Ferencz & Simon, New York City, Telford Taylor, Kenneth Simon, New York City, of counsel, for Hammond Ford, Inc. and Alexander Hammond.

Hughes, Hubbard, Blair & Reed, New York City, Otis Pratt Pearsall, Albert D. Angel, Amalya L. Kearse, New York City, of counsel, for Ford Motor Co.

Samuel Chester, New York City, for Ludwig J. Pariser.

BONSAL, District Judge.

These are four motions for summary judgment in two related actions, all involving the legality of a Ford Sales Agreement (1955 Sales Agreement) entered into on February 1, 1955, between Ford Motor Company (Ford) and Hammond Ford, Inc. (Hammond), a Ford dealer in Bronx, New York. In Hammond Ford, Inc. v. Ford Motor Co. (61 Civ. 559), Hammond moves for partial summary judgment in its favor on the same cause of action. In Ford Motor Co. v. Alexander Hammond and Ludwig J.

Pariser (61 Civ. 1562), both defendants move for partial summary judgment against Ford.

Hammond Ford, Inc. v. Ford Motor Co. was brought by Hammond in 1961, alleging five causes of action based upon various alleged violations of the anti-trust laws. The second cause of action, the only cause of action at issue on this motion, alleges that the 1955 Sales Agreement constitutes an illegal tying arrangement under § 1 of the Sherman Act and § 3 of the Clayton Act (15 U.S.C. §§ 1 and 14) by which Ford radios and other accessories were tied in to the sale of Ford automobiles to Hammond. In Ford Motor Co. v. Alexander Hammond and Ludwig J. Pariser, Ford seeks damages against defendants, who were officers of Hammond, for failure to comply with the terms of the 1955 Sales Agreement including the provisions relating to the purchase of accessories and other Ford products, and it is on certain claims in connection with this Agreement (paragraphs 7 through 16 and 19(a), (b), (c), (d) and (f) of Ford's complaint) that the defendants seek summary judgment on the ground that the Agreement is in violation of § 1 of the Sherman Act and § 3 of the Clayton Act.

The grounds set forth by Hammond, Alexander Hammond and Ludwig J. Pariser in support of their respective motions are substantially the same. They contend that on its face the 1955 Sales Agreement is an illegal tying agreement, or in the alternative, that upon the basis of the admitted and un-controverted facts the sales by Ford to Hammond of radios and other accessories pursuant to the Agreement were illegal tie-in sales. Ford's motion for summary judgment in Hammond Ford, Inc. v. Ford Motor Co. is brought on the ground that the plain and unambiguous terms of the 1955 Sales Agreement lack the requisite characteristics of an illegal tying arrangement.

These cases are five years old, pretrial discovery has presumably been completed, and the cases are near the head of the No. 2 Jury Calendar (36 cases away on 2/15/66). These motions involve a small part of the issues involved, and it appears that a full trial on all of the issues may be had in the near future. For the reasons hereafter stated, the court concludes that the issues raised by these motions should be tried at the same time.[1]

The pertinent portions of the 1955 Sales Agreement required Hammond to develop the sale of company products "to the satisfaction of the Company," to maintain stocks of Ford parts and accessories "of an assortment and in a quantity adequate to meet the current demand therefor" and to purchase from Ford its "requirements of genuine Ford parts and other Company Products." Hammond[2] contends that this Agreement constitutes an illegal tying arrangement because the purchase of radios and other accessories by Hammond from competitors of Ford would constitute a failure to comply with its unambiguous provisions. Ford argues, on the other hand, that these provisions clearly require only that Hammond purchase from Ford sufficient radios and other accessories to meet consumer demand for *Ford* products, not the consumer demand for all such accessories. Ford contends that at most the provisions are ambiguous, requiring a trial on the factual issue of whether these provisions in fact were intended to require Hammond to purchase Ford radios and accessories in excess of the consumer demand therefor as a condition of Hammond's maintaining its dealership with Ford.

1. The extensive briefs filed by the parties in connection with these motions will be available to the trial judge.

2. The same contentions are made by Hammond, Alexander Hammond, and Ludwig J. Pariser in support of their respective motions. For convenience, they will be referred to as Hammond's contentions.

■ Cases which have found agreements on their face to be illegal tie-ins have involved clear provisions prohibiting the purchaser from buying the tied product from anyone other than the seller. See International Business Machines Corp. v. United States, 298 U.S. 131, 56 S.Ct. 701, 80 L.Ed. 1085 (1936); International Salt Co. v. United States, 332 U.S. 392, 68 S.Ct. 12, 92 L.Ed. 20 (1947); Northern Pacific Ry. v. United States, 356 U.S. 1, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958). This court cannot determine from the provisions of the 1955 Sales Agreement alone that the purchase of radios and other accessories by Hammond from competitors of Ford would constitute a breach of that Agreement. On the other hand, such a construction is not precluded by the wording of the Agreement. The interpretation of these provisions will require a trial to determine the intent and understanding of Hammond and Ford in entering into this Agreement.

Hammond contends, however, that even if an illegal tie-in is not shown on the face of the 1955 Sales Agreement, Ford in fact required Hammond to purchase radios and other accessories only from Ford. Hammond argues that this course of conduct is conclusively established by the testimony of Ford sales executives on deposition and by the admissions made by Ford in its complaint in Ford Motor Co. v. Alexander Hammond and Ludwig J. Pariser and its counterclaim in Hammond Ford, Inc. v. Ford Motor Co. The depositions indicate the view of certain Ford executives that under the 1955 Sales Agreement, a dealer who purchased radios from other suppliers or who failed to sell a set quota of radios might be considered to be performing his accessory obligations unsatisfactorily. Ford's claims against Hammond and its officers allege failure "to fulfill contractual commitments * * * with respect * * * to * * * requirements as to * * * accessories; [and] requirements as to vigorously and satisfactorily attempting to obtain adequate sales volume and providing effective competition between Ford and its competitors."

■ The court does not agree that these "admissions" by Ford establish that the sale of radios and other accessories was illegally tied in to the sale of automobiles under the 1955 Sales Agreement. The language in Ford's complaint and counterclaim does little more than paraphrase the language of the 1955 Sales Agreement. The statements taken from depositions of Ford executives may be evidence of the existence of an illegal tie-in, but they do not establish that such a tie-in existed for the purposes of a summary judgment. The issues concerning Ford's conduct in enforcing the 1955 Sales Agreement require a trial for their resolution.

For these reasons, the motions of Hammond, Alexander Hammond and Ludwig J. Pariser are denied. It is thus unnecessary to discuss the various other contentions of Ford, in opposition to these motions, that there are numerous other factual issues which will require trial. The above analysis also disposes of Ford's contention, made in support of its motion, that the 1955 Sales Agreement unambiguously shows that no illegal tie-in existed, and accordingly Ford's motion is also denied.

Ford claims that the motions of Hammond, Alexander Hammond and Ludwig J. Pariser were brought solely for the purpose of delay and that Ford is therefore entitled to an award of counsel fees under Rule 56(g) of the Federal Rules of Civil Procedure. Ford's application for counsel fees is denied.

The motion of Hammond in Hammond Ford, Inc. v. Ford Motor Co. for partial summary judgment on its second cause of action, and the cross motion of Ford for partial summary judgment on the same cause of action are denied. The motions of Alexander Hammond and Ludwig J. Pariser for partial summary judgment in Ford Motor Co. v. Alex-

ander Hammond and Ludwig J. Pariser are denied. Ford's application for its counsel fees in defending Hammond's motion in Hammond Ford, Inc. v. Ford Motor Co. and the motions of Alexander Hammond and Ludwig J. Pariser in Ford Motor Co. v. Alexander Hammond and Ludwig J. Pariser is denied.

Settle order on notice.